KNUDTSON, Appellant, vs. LEARY, County Clerk, Respondent.

*November 1 — November 16, 1900.*

*Taxation: Redemption moneys: Action against county clerk after six years from sale.*

Under sec. 1168, Stats. 1898, if the county clerk holds tax redemption money after the expiration of six years from the date of the sale of the property, he holds it in trust for the county treasurer or the county and not for the holder of the certificate redeemed, and the latter cannot recover such money from the clerk.

APPEAL from an order of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Van Hecke & Smart,* and for the respondent on that of *F. J. Smith.*

CASSODAY, C. J. This is an appeal from an order sustaining a demurrer to the complaint, which alleges, in effect, that at the election in November, 1896, the defendant was elected county clerk of Lincoln county; that he qualified as such; that he was subsequently re-elected, and requalified, and had held the office ever since January, 1897; that the treasurer of that county, at the regular tax sales duly held at the times

and places required by law for the nonpayment of taxes in the respective years 1878 to 1884, inclusive, did sell to the county, in the manner required by law, the respective pieces of land described, for the several amounts stated, and thereupon delivered to the county his certificates of such sales, respectively, each of which was numbered as therein stated; that thereafter the county duly sold, transferred, and assigned such several certificates to various and divers parties; that prior to the demand hereinafter mentioned the several persons owning and holding such certificates, through mesne assignments and transfers, duly sold and transferred them to the plaintiff, who is now the legal owner and holder of them, and each and every of them; that after such transfers of the several certificates by the county the respective owners of such lands, at the several times therein stated, from January 14, 1880, to May 11, 1889, inclusive, redeemed the several parcels of land from such sales for such taxes, and paid to the then county clerk, for the use of the legal owners and holders of such certificates, respectively, the several amounts necessary to redeem the same as therein stated; that each of such county clerks in turn at the expiration of his term of such office delivered and turned over to his successor in such office such redemption moneys so received by him, and took the receipt of his successor in office therefor, and thereafter such successor held such moneys so received by him in trust for the use and benefit of, and subject to the order and disposal of, such legal owners and holders of such certificates, respectively; that the defendant, upon his induction into such office of county clerk, received from his predecessor, and receipted to him therefor, such moneys for the use and benefit of the several persons legally entitled thereto, and that the defendant, as such county clerk, has ever since held such moneys in trust and for the use and benefit of the several persons entitled thereto, and continues to so hold the same; that prior to making the demand here-

inafter mentioned the plaintiff was, and now is, entitled to have such redemption moneys paid over to him, and that it was and is the duty of the defendant, as such county clerk, to so pay the same; that July 3, 1899, and prior to the commencement of this action, the plaintiff duly demanded of the defendant the payment to him of such moneys, and at the same time exhibited to him the several certificates mentioned, the same being then in the plaintiff's possession, but that the defendant wrongfully and unjustly refused to so pay such moneys to the plaintiff; that by reason of such refusal the plaintiff has been damaged in the sum of $645.66, and demands judgment for that amount and costs.

The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The statute authorized the owner or occupant of any of such lands so sold for taxes, at any time within three years from the date of the sale thereof, to redeem the same, or any part thereof or interest therein, by paying to the clerk, *for the use of the purchaser,* his heirs or assigns, the amount for which such land was sold and all subsequent charges thereon authorized by law. Stats. 1898, sec. 1165. The statute in force when this action was commenced and the demand made declared that: " The county clerk shall, upon demand of any person *entitled* to any redemption money in his hands, forthwith pay the same to such person, and at the expiration of his term shall pay to his successor in office all redemption money in his hands. All such money *shall,* after the expiration of *six years from the date of the sale* of the property, *be paid into the county treasury by said clerk,* and with such payment he *shall file* with the county treasurer a *certified statement,* giving the number of the certificate redeemed, *its date,* the name of the purchaser thereof and the *amount paid* on such redemption. The legal holder of any certificate so redeemed may thereafter present the same to the *county treasurer* and receive the amount paid upon such

redemption *from the general fund;* and said redemption money, when paid into the county treasury, *shall become a part of the general fund and be disbursed as other moneys belonging thereto. On such payment* of said redemption money to the *county treasurer* said clerk shall enter on the sales book, opposite the appropriate number of the certificate, *the date of making such payment.*" Sec. 1168. It is substantially the same as the prior statutes (S. & B. Ann. Stats. secs. 1168, 1168*a;* Laws of 1880, ch. 220; and Laws of 1881, ch. 80).

As indicated, the last tax sale mentioned was in 1884. All such sales were required by law to be made in May. Stats. 1898, sec. 1130. The statute quoted required that, "after the expiration of six years from the date of the sale," all such redemption moneys in the hands of any such county clerk should " be paid into the county treasury by said clerk." If the several county clerks had performed their several duties as thus prescribed by statute, all such redemption moneys would have been paid by them, respectively, into the county treasury prior to June, 1890, which was more than six years from the last sale for which money was so paid to redeem, and more than six years before the defendant became county clerk. During such six years from the date of any such sale the county clerk held such redemption money in trust " for the use of the purchaser, his heirs or assigns," as provided in sec. 1165. But after the expiration of such six years from the date of the sale such clerk was expressly commanded by the statute quoted to pay such redemption moneys into the county treasury, and it was provided that when so paid into the county treasury the same should become a part of the general fund and be disbursed as other moneys belonging to the general fund. Under such statutes it is manifest that at the end of such six years the county clerk ceased to hold such redemption money in trust " for the use of the purchaser, his heirs or

assigns," and at once commenced holding the same in trust for the county treasurer or the county. This is made plain by the provision of the same statute, which, after the expiration of such six years, authorized the legal holder of any certificate so redeemed to "present the same to the county treasurer and receive the amount paid upon such redemption from the general fund." It follows from what has been said that as all such redemption moneys were received by the defendant, as such county clerk, more than six years after the date of any of the sales mentioned, he held the same in trust for the county treasurer or the county, and not for the plaintiff. The plaintiff may possibly have his remedy against the county or county treasurer, but certainly not against the defendant in this action. If the allegations of the complaint are true, and the defendant still holds such redemption moneys, then he does so in violation of his statutory duty, which he may undoubtedly be compelled to perform. He and the county treasurer are both acting under the mandate of the statute, which they should respectively obey.

*By the Court.*— The order of the circuit court is affirmed.